IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. _____ |
| | ) |
| v. | ) |
| | ) **C O M P L A I N T** |
| BALDWIN SUPPLY CO., | ) |
| | ) **Jury Trial Demanded** |
| Defendant. | ) |
| _____ | ) |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Timothy E. Collins ("Collins") who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Baldwin Supply Co., ("Defendant") discriminated against Collins when it terminated his employment because of his disability in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1).

4. At all relevant times, Defendant Baldwin Supply Co., has continuously been a Minnesota corporation doing business in the State of Minnesota and the City of Minneapolis. Defendant has also continuously conducted business in Hibbing, Owatonna and St. Cloud, MN. Defendant has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Timothy Collins filed a charge with the EEOC alleging violations of Title I of the ADA by Defendant.

8. On November 8, 2013, EEOC determined that there was reasonable cause to believe that Defendant discriminated against Collins by terminating his employment in violation of the ADA.

9. The conciliation efforts required by law have occurred and were unsuccessful.

   (a)   On November 8, 2013, the EEOC issued to Defendant a Letter of Determination inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

   (b)   On May 6, 2014, the EEOC issued to Defendant a Notice of Failure of Conciliation advising Defendant that despite its efforts the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this suit have been fulfilled.

11. Defendant is a distributor of mechanical power transmission, conveyor belt and electrical control products in the United States. Defendant's corporate headquarters is located in Minneapolis, MN. In Minnesota, Defendant has facilities in Minneapolis, Owatonna, St. Cloud, and Hibbing. Defendant also has facilities in Fargo, ND, Sioux Falls, SD, and Des Moines, IA. Defendant provides products and services to various industries including, but not limited to, food and beverage; aggregate and mining; agriculture;

manufacturing; utilities; lumber and wood; oil and gas; and printing and paper.

12. On or about July 21, 2011, Defendant engaged in unlawful employment practices at its facilities in Minnesota in violation of Section 102(a), 42 U.S.C. § 12112.

13. Collins worked for Defendant at its Hibbing, MN location from April 2011 to July 2011 as a laborer, installing conveyor belts.

14. On or about July 21, 2011, Collins had a heart attack. Collins was released by his doctor to return to work with no restrictions on August 8, 2011.

15. Collins faxed his doctor's note to Defendant, and contacted Defendant by telephone to let Defendant know he was available to work. Defendant did not allow Collins to return to work except for one or two days sometime in early September 2011. Collins performed work in Defendant's shop. Defendant did not contact Collins any further regarding returning to work.

16. Collins continuously contacted Defendant's managers at the Hibbing location regarding returning to work. Defendant's reasons for not allowing Collins to return to work, including but not limited to that there was no work available, are pretext for discrimination. Instead, the real reason for Defendant's action is because Collins had a heart attack, and Defendant regarded Collins as disabled.

17. The effect of the practices complained of in paragraphs 12-16 above, has been to deprive Collins of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

18.  The unlawful employment practices complained of in paragraphs 12-16 above were and are intentional.

19.  The unlawful employment practices complained of in paragraphs 12-16 above were done with reckless indifference to the federally protected rights of Collins.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against an employee based on the employee's disability.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Collins by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement, front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 12-16 above.

D.  Order Defendant to make whole Collins by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-16 above, including medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

E.  Order Defendant to make whole Collins by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs

12-16 above, including, but not limited to, emotional pain, suffering, inconvenience and mental anguish resulting from the unlawful practices complained of in paragraphs 12-16 above, in amounts to be determined at trial.

F.  Order Defendant to pay Collins punitive damages for its malicious and reckless conduct, as described in paragraphs 12-16 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
5th Floor
Washington, D.C.  20507


/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney


/s/ Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney

/s/ Tina Burnside
Tina Burnside (WI Bar No. 1026965)
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota  55401
Telephone:  (612) 335-4074
Facsimile:   (612) 335-4044
tina.burnside@eeoc.gov